927 F.2d 597
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary L. PELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary L. PELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary L. PELL, Defendant-Appellant.
 Nos. 89-5216, 89-5255 and 90-5152.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1990.
Decided Feb. 27, 1991.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-89-3-2)
 David Venable Moore, Shuman, Annand & Poe, Charleston, W.Va. (Argued), for appellant; Kenneth E. Knopf, Shuman, Annand & Poe, Charleston, W.Va., on brief.
 Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, W.Va., (Argued), for appellee; Micheal W. Carey, United States Attorney, Charleston, W.Va., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, DONALD RUSSELL, Circuit Judge, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This case presents an appeal from the judgment order of the court below finding the defendant/appellant [hereinafter "Pell"] guilty on two counts: conspiracy to distribute controlled substances and distribution and possession with intent to distribute controlled substances.
 
 
 2
 Pell assigns three grounds of error. The first challenges an evidentiary ruling of the court below. The second challenges the district court's decision to exclude voice identification expert testimony. The third challenges the court's refusal to permit the appellant's witness to testify, as an expert, concerning the analysis of the alleged controlled substance.
 
 I.
 
 3
 The facts relating to the first assignment of error are briefly stated. The government advised counsel for Pell just before the trial that it intended to use certain offenses and acts committed by Pell outside the scope of time embraced by the conspiracy. The government proposed to introduce this evidence through the testimony of Kenneth Blaine McMillion. Pell's counsel objected to the introduction of this evidence because it lay outside the time frame of the conspiracy and because it came as a surprise. At a bench conference, the court below excluded the evidence and directed that McMillion not testify to anything lying outside the time limits of the conspiracy. However, the court indicated that he made no ruling on the possibility that these acts might later be admissible, depending on the course of the trial.
 
 
 4
 First, we note that the Joint Appendix contains no indication that counsel for Pell raised any objection to the court's later comments about the possibility that evidence of the acts might later be introduced, nor did counsel object to the ruling itself. Pursuant to Rule 103 of the Federal Rules of Evidence, this court has held that in order to preserve an objection to evidence for appellate review, the objection must be timely, specific, and of record. United States v. Parodi,. 703 F.2d 768, 783 (4th Cir.1983).
 
 
 5
 Further, the appellant asserts that because the court denied his request for a continuance, he could not put the defendant on the stand for fear that questions of motive, intent, plan, or mistake might allow the admission of this evidence under the exception stated in Federal Rule of Evidence 404(b). This argument proceeds from the appellant's misconception of how the matter would evolve at trial. However, in actuality, the government did not make any attempt to introduce evidence from McMillion or anyone else concerning acts outside the temporal scope of the conspiracy. Thus, the issue did not later arise. Some further analysis, however, disposes of Pell's contention that he was put in a position in which he could not testify. If the evidence of acts outside the time frame of the conspiracy had been excluded and Pell or any other witness's testimony directly or indirectly raised the issue of mistake, intent, plan, etc., and the government then undertook to introduce these acts pursuant to Rule 404(b), Fed.R.Evid., Pell's counsel could then have made the appropriate objection. At that time, he could have properly presented the claim of surprise, inability to frame a defense, etc., to the court.
 
 
 6
 We do not perceive error in the manner in which the court below handled this potential evidence of acts outside the time scope of the conspiracy.
 
 II.
 
 7
 As to the second and third assignments of error, the general rule is that the trial judge has broad discretion concerning the admission or exclusion of expert evidence, and the action of the trial judge will be sustained unless it is manifestly erroneous. Salem v. United States Lines Co., 370 U.S. 31, 35 (1962). The trial judge will make that decision in deciding whether the tendered expert testimony will be helpful to the jury in resolving any of the issues which it confronts. See United States v. Portsmouth Paving Corp., 694 F.2d 312, 323 (4th Cir.1982) (Widener, J., dissenting).
 
 
 8
 The second assignment of error involves the evidence of Gary Allen Simmons, whom Pell tendered as a voice identification expert. His testimony was directed to whether two or three persons were present at a certain transaction which was voice recorded. In the voir dire which preceded the court's ruling, Simmons testified that
 
 
 9
 I wasn't suggesting that I had any super human or completely expert knowledge that precluded anyone else from hearing it. In fact, I would argue that in this instance, if people were to sit down and judge for themselves and have themselves open to the possibility that there were three people in the recording, that they will indeed hear it themselves.
 
 
 10
 [By the U.S. Attorney] And they could determine that just as well as you can?
 
 
 11
 Yes Sir, if it's open to them for the possibility. (Joint Appendix, pp. 244-45.) Based on that evidence, the court excluded his testimony as an expert witness, stating that permitting him to testify would be, in effect, placing a thirteenth member on the jury. The court below saw the proffered testimony as testimony which would permit the witness to "fulfill the function of what was known in ancient times as an oath helper." (Joint Appendix, pp. 249-51.)
 
 
 12
 In light of the voir dire quotation set out above, the jurors certainly could determine the question from the tapes just as readily as could Simmons. Consequently, we perceive no error in the court's ruling on the issue of Simmons' expert testimony.
 
 III.
 
 13
 The third assignment of error relates to the proffered testimony of Professor Zeki Al-Saigh, an associate professor of chemistry at the University of Charleston, West Virginia. Al-Saigh was tendered with respect to the analysis performed by the government's chemist on the substance which was the basis for the second count of conviction. In the court's examination of Al-Saigh regarding his opinion as an expert, Al-Saigh mentioned on several occasions that the analysis performed by the government's chemist was "confusing" to him, that he was confused, and he did not understand how the government chemist had reached his conclusions. Al-Saigh stated that he had an opinion as to whether the test had been properly conducted, but the government objected on the basis of an inadequate foundation for that opinion. Further examination revealed that Al-Saigh had not analyzed the substance in question and that he in fact stated that he had no idea as to whether the substance was or was not cocaine. No one requested that the government give Al-Saigh access to the challenged substance or to the materials evidencing the test.
 
 
 14
 The issue as to which Al-Saigh's testimony would have been directed was whether the substance in question was actually cocaine. Based on an examination of Al-Saigh's testimony concerning this matter as shown in the Joint Appendix, we believe that he could offer little or nothing bearing on whether the substance was in fact cocaine. As a result of this examination, the court below excluded Al-Saigh's testimony as an expert witness. We find no error in this action of the district court.
 
 
 15
 For the reasons indicated, the judgment of the court below is
 
 
 16
 AFFIRMED.